ROY JACEY EVANS *v.* STATE OF INDIANA.

[No. 671S160. Filed July 3, 1974.]

*Harriette Bailey Conn,* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

DEBRULER, J.—This case came to us initially as an appeal from a conviction for First Degree Murder, and an opinion

was previously issued as *Evans* v. *State* (1973), 261 Ind. 148, 300 N.E.2d 882. The issues raised in the appeal were determined adversely to appellant, with the exception of appellant's claim that the trial court should have held an evidentiary hearing on the substantive issues raised on appellant's second belated motion to correct errors and belated supplemental motion to correct errors. In this contention we agreed and ordered the appeal held in abeyance and remanded to the trial court for a hearing on said motions. We now make final disposition of this appeal.

It was asserted in the motions that appellant was in possession of evidence which clearly demonstrated his legal incompetency at the time of his trial in April of 1959. The primary evidence consisted of a psychiatric evaluation made two weeks after his trial, which described appellant as "overtly psychotic" and suffering from "hallucinations". Deeming this "reasonable ground" to believe appellant was incompetent at the time of his trial, we remanded the case for a hearing to be held in conformity with the procedures set forth in IC 1971, 35-5-3-2, being Burns § 9-1706a. The issue to be determined at the hearing was whether appellant, at the time of his trial in 1959, had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and had a "rational as well as factual comprehension of the proceedings against him." *Dusky* v. *U.S.* (1960), 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824; *Tinsley* v. *State* (1973), 260 Ind. 577, 298 N.E.2d 429. It was also ordered that the burden of establishing such incompetency under our Post Conviction Rules was upon the appellant. *Evans* v. *State, supra.*

Pursuant to our remand order, the trial judge appointed two psychiatrists who examined the appellant and testified at the hearing. After hearing the testimony, the trial judge received a deposition, exhibits, the trial transcript, and the appellant's medical records from the mental hospital in which he had been confined; and thereafter found and adjudged that

the appellant had failed to prove by a preponderance of the evidence that he did not have sufficient comprehension to understand the nature of the criminal action against him and to make his defense. Such determination has been certified to us.

There being no further issues pending before us in this appeal, the decision of the trial court denying appellant's second belated motion to correct errors and supplementary belated motion to correct errors is affirmed; as is the judgment of conviction.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 313 N.E.2d 345.